UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANTE D. GUY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00303-JMS-MJD |
| | ) | |
| ARAMARK CORRECTIONAL SERVICES, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

**Entry Granting Motion for Summary Judgment**

Plaintiff Dante Guy is an Indiana inmate incarcerated at the New Castle Correctional Facility. He brings this lawsuit pursuant to 42 U.S.C. § 1983 against Aramark Food Services, the company which provides meals for inmates of the Indiana Department of Correction ("IDOC"). He alleges that while he was incarcerated at the Wabash Valley Correctional Facility ("WVCF"), he broke a tooth on a foreign object in one of his meals. He further asserts that Aramark has repeatedly been notified of foreign objects found in the meals it serves, but has failed to rectify this situation.

Arguing that Guy failed to exhaust his available administrative remedies with respect to these claims, the defendants move for summary judgment. Guy has not responded. For the following reasons, the motion for summary judgment, dkt. [30], is **granted**.

**I. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Fed.R.Civ.P.*

56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l– Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the Court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

Guy has not opposed the motion for summary judgment, either with evidentiary material or with a narrative statement suggesting that the defendant is not entitled to summary judgment based on the pleadings and the evidentiary record. He has not filed a statement of material facts in dispute. The consequence of these circumstances is that Guy has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

The Offender Grievance Process is meant to provide a mechanism for every inmate to express complaints and topics of concern, for the efficient and fair resolution of legitimate offender concerns, and for facility and IDOC management to be better informed and better able to carry out the IDOC's mission and goals. Information on the Offender Grievance Process is included with the Admission & Orientation (A & O) Paperwork for inmates entering WVCF. A copy of the policy for the Offender Grievance Process is also available to inmates through the Law Library.

2

The Offender Grievance Process consists of three stages. First, an inmate must attempt to resolve the grievance informally through officials at the facility. Second, if the inmate is unable to obtain a resolution informally, the inmate may submit a formal grievance to the designated staff person. The appropriate form for submitting grievances is available upon request to inmates through their Caseworker or Casework Manager. Third, if the formal grievance is not resolved in a manner that satisfies the offender, he may submit an appeal (Level II) within ten working days from the date of receipt of the grievance response. The Offender Grievance Process is not complete until the inmate completes the appeal process.

Guy was incarcerated at WVCF at the time of the alleged incident. Guy never filed any grievances relating to foreign objects in his food or a chipped tooth that he suffered as a result of a foreign object in his food.

### III. Discussion

The defendant argues that Guy's claims must be dismissed because he failed to exhaust his available administrative remedies with respect to those claims. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have

completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The defendant has shown that Guy did not fully exhaust his available administrative remedies as required by the PLRA. He did not file any grievances related to his claims in this case. He has not responded to the motion for summary judgment and therefore has not disputed these facts. It is therefore undisputed that Guy failed to exhaust his available administrative remedies with regard to his claims in this case. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Guy's claims should not have been brought and must now be dismissed without prejudice. *See Pozo*, 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

The defendants' motion for summary judgment, dkt. [30], is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/19/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

4

Distribution:

DANTE D. GUY
121108
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com